# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:26-MJ-652-DH** |
| | § | |
| **RYAN THOMAS GRIFFIN** | § | |
| | § | |

### ORDER

Defendant Ryan Thomas Griffin is charged by Criminal Complaint with Interstate Transmission of Threatening Communication, in violation of 18 U.S.C. § 875(c). Dkt. 1. On July 2 and July 7, 2026, the Court held a Preliminary Hearing pursuant to 18 U.S.C. § 3060 and Federal Rule of Criminal Procedure 5.1. Counsel were admonished as required by the Due Process Protection Act.

### I. Factual Allegations

FBI Joint Terrorism Task Force Officer Brendan Schwanky submitted an Affidavit in support of the Complaint stating that the FBI received four tips between February 2026 and June 2026 regarding posts on Gab, a U.S.-based online microblogging and social media platform, by user PoisonDartPepe. Affidavit, Dkt. 1 ¶¶ 4, 7, 11-12. The FBI's investigation linked PoisonDartPepe to Griffin. *Id.* ¶¶ 8-10.

TFO Schwanky testified at the Preliminary Hearing that PoisonDartPepe has made some 90,000 public posts since 2018, most with an anti-government, anti-Jewish general theme, on Gab, where he has some 10,000 followers. Counsel for Griffin and the Government agreed at the hearing that the probable cause determination should be based only on the Gab posts in their context on that platform.

1

Several posts by PoisonDartPepe on or about February 5, 2026 appear in the Affidavit, including:

> What do I get if I keep playing by "the rules" that zog[1] and trump set for me? More section 8. More permanent decline. More zero community of territory or family. I am siding with the terrorists. My mind is pretty much made up already. I am going to attack the US government one way or another. I already have been for years on a low level and this is just the natural next step since they are an ENEMY faction who hates whites and who must be destroyed for me to ever have a good life.

Dkt. 1 ¶ 6(d). TFO Schwanky testified that other posts not listed in his Affidavit include, from September 1, 2024:

> The feds are easy to troll because I know the script. Listen up, fellow white Christian nationalists. We need to kill brown people, homos, and Jews. They're not respecting the Constitution enough and we need to defend demographic replacement. I mean liberty against socialism.

And from January 31, 2023:

> The only reason I have not killed any Jews already is because I do not think it would be strategically effective, but morally, there's no question in my mind they deserve death. So now it's just a matter of making that happen effectively. Eventually we'll be fully legalized and rewarded monetarily by the state. These people tried to exterminate me. They tortured my kin. I am coming for their ass.

> What America needs is total Jew death. They're not going to get deported. We shouldn't let them escape.

---

[1] "'Zog" is an acronym for 'Zionist Occupation Government' or 'Zionist-Occupied Government.' 'Zog' is a derogatory and anti-Semitic term and hate symbol commonly used by persons sympathetic to white supremacist and neo-Nazi ideology, which reflects a belief that Jews control the United States Government." Affidavit, Dkt. 1 ¶ 5.

## II. Legal Standards

### A. Preliminary Hearing

The purpose of a preliminary hearing is to ascertain "whether or not there is probable cause to warrant detention of the accused pending a grand jury hearing." *United States v. Coley*, 441 F.2d 1299, 1301 (5th Cir. 1971). Rule 5.1(e) provides, in part:

> (e) If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Probable cause "is the existence of reasonable grounds to believe the accused committed the charged offense." *United States v. Bahlouli*, 790 F. Supp. 3d 559, 562 (W.D. Tex. 2025) (citation omitted). The government must

> present competent evidence sufficient to justify holding an accused to await trial, not evidence sufficient to justify a conviction. The probable cause determination is made *de novo* relative to the arrest, based on the facts and circumstances as they exist at the time of the preliminary hearing. The prosecution has the burden of offering sufficient evidence of probable cause, and all reasonable inferences are drawn in its favor. The Government's probable cause evidence must support every element of the charged offense.

*Id.* at 563 (cleaned up).

### B. 18 U.S.C. § 875(c)

Title 18 U.S.C. § 875(c) provides: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." "This statute requires that a communication be transmitted and that the communication contain a threat." *Elonis v. United States*, 575 U.S. 723, 732 (2015). The *mens rea* requirement is recklessness: "that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Counterman v. Colo.*, 600 U.S. 66, 69 (2023).

3

### III.  Analysis

In the Defense's Brief in Support of a Finding of No Probable Cause (Dkt. 18), Griffin does not dispute the transmission element, but argues that the Complaint should be dismissed for failure to show probable cause as a threshold question of law because none of the statements in the Affidavit is a "true threat" excepted from First Amendment protection. He contends that his alleged statements lack particularity and are "predominantly conditional, hypothetical, and contingent, and therefore are not serious expressions that Mr. Griffin intends to commit violence." *Id.* at 6.

"True threats are 'serious expression[s]' conveying that a speaker means to 'commit an act of unlawful violence.'" *Counterman*, 600 U.S. at 74 (citation omitted). True threats are unprotected "because they have relatively low value and because restricting them 'protect[s] individuals from the fear of violence, from the disruption that fear engenders, and from the possibility that the threatened violence will occur.'" *United States v. Perez*, 43 F.4th 437, 443-44 (5th Cir. 2022) (quoting *R.A.V. v. City of St. Paul*, 505 U.S. 377, 388 (1992)).

The Fifth Circuit recently addressed the legal standards for analyzing "true threats" in reversing dismissal of an indictment on three counts of violating 18 U.S.C. § 875(c), holding: "A statement is a 'true threat' when: (1) 'an objectively reasonable person would interpret the speech as a serious expression of an intent to cause a present or future harm'; and (2) 'the speaker was subjectively aware of [the statement's] threatening nature.'" *United States v. Burger*, 170 F. 4th 395, 401 (2026) (quoting *United States v. Jubert*, 139 F.4th 484, 490-91 (5th Cir. 2025)). To be a true threat, the court explained, the statement, "'when taken in context,' must convey a real possibility that violence will follow." *Id.* at 402 (quoting *Counterman*, 600 U.S. at 74). Thus, in the true-threat analysis, "context is critical." *Id.* (citation omitted). Part of the context is "how particularly the alleged threat identifies a time, place, and target. But a threat's lack of particularly is relevant only

4

insofar as it tends to negate an assertion that an objectively reasonable listener would conclude that threatened violence will occur." *Id.*

The Court finds that reasonable grounds exist to believe Griffin committed the charged offense. There is a fair probability that an objectively reasonable person would interpret the Gab posts identified by TFO Schwanky in the Affidavit and his testimony, including those cited in this Order, as serious expressions of an intent to cause a present or future harm, and that Griffin transmitted them in conscious disregard of a substantial risk that his communications would be viewed as threatening violence. While some of his alleged communications are "conditional, hypothetical, and contingent," others convey a real possibility that violence will follow. The latter include: "I am going to attack the US government one way or another."; "We need to kill brown people, homos, and Jews."; and "The only reason I have not killed any Jews already is because I do not think it would be strategically effective, but morally, there's no question in my mind they deserve death. So now it's just a matter of making that happen effectively." Each of these statements conveys a real possibility that violence will follow.

## IV.  Conclusion

As stated from the bench during the hearing, having considered all the facts and circumstances presented at the Preliminary Hearing, the Court finds that the evidence, sufficient in nature, has established that there is probable cause to believe that the offense charged in the Criminal Complaint, Interstate Transmission of Threatening Communication in violation of 18 U.S.C. § 875(c), has been committed, and that Griffin committed it. Accordingly, he must appear for further proceedings.

**SIGNED** on July 8, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE